United States District Court
Southern District of Texas
**ENTERED**
August 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AGUACATES SELECCIONADOS JBR USA, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:19-CV-338 |
| BUCKS FRESH PRODUCE, LLC, *et al*, | § § | |
| Defendants. | § § | |

## OPINION AND ORDER

The Court now considers the "Motion for Reconsideration and to Proceed Under a Theory of Breach of Contract"[1] (hereafter, "motion for reconsideration") filed by Aguacates Seleccionados JBR USA, LLC ("Plaintiff") requesting that the Court reconsider its partial denial of Plaintiff's motion for default judgment against Bucks Fresh Produce, LLC ("Defendant BFP"); Christopher Torres, Individually ("Defendant Christopher Torres"); Christopher Torres, as Co-Trustee of C&D Holdings, a Revocable Trust;  Diana De Jesus Flores Cavazos, a/k/a Diana Torres, Individually ("Defendant Diana Torres"); and Diana De Jesus Flores Cavazos a/k/a Diana Torres, as Co-Trustee of C&D Holdings, a Revocable Trust (hereafter, collectively, "Defendants"). After duly considering the record and relevant authorities, the Court **GRANTS** Plaintiff's motion for reconsideration.[2]

### I.    BACKGROUND

This case concerns the alleged breach of a series of produce contracts. Plaintiff brings the instant suit under the Perishable Agricultural Commodities Act, 1930 ("PACA") against all

---

[1] Dkt. No. 20.
[2] *Id.*

Defendants for their failure to pay Plaintiff the amounts owed under the contracts.[3] On July 9,
2018, after Defendants allegedly failed to remit payment for the amounts owed on the contracts,
Plaintiff initiated a formal complaint with the United States Department of Agriculture
("USDA") seeking to recover the sums owed under PACA.[4] On December 11, 2018, the parties
entered into a Settlement Agreement and Stipulation for Entry of Judgment (hereafter,
"Agreement"), which Plaintiff provided for the Court's review.[5] The Agreement is signed by all
Defendants, including Defendants Christopher and Diana Torres in their individual capacities
and their capacities as co-trustees of C&D Holdings.[6] Therein, Defendants stipulate to the facts
as described in Plaintiff's complaint.[7] In order to "avoid the further expense and uncertainty of
litigation," Defendants agreed to remit a settlement amount totaling $605,040.00 in installments
to be paid to Plaintiff on specified dates.[8] Defendants' first payment under the Agreement for
$25,000.00 was due to Plaintiff on January 15, 2019.[9]

In the Agreement, Plaintiff agrees to dismiss the formal USDA complaint against
Defendants "without prejudice, subject to reopening to enforce or interpret this Agreement and
or to enter and enforce the judgment contemplated" by the Agreement.[10] In the event Defendants
were to default under the Agreement, Defendants agreed to allow joint and several judgment to

---

[3] Dkt. No. 1 at 5–10, ¶¶ 25–46. Plaintiff brings claims against all Defendants for "Enforcement of Statutory Trust Provisions of PACA," pursuant to 7 U.S.C. § 499e(c)(1)-(4) (*Id.* at 5–7, ¶¶ 25–33); Violation of the PACA: Failure to Maintain PACA Trust Assets Against All Defendants," pursuant to 7 U.S.C. § 499b(4) (*Id.* at 7–8, ¶¶ 34–38); and "Breach of Duty to Pay Under the PACA," pursuant to 7 U.S.C. § 499b(4) (*Id.* at 8–10, ¶¶ 39–46).
[4] Dkt. No. 1 at 4–5, ¶ 19.
[5] *See* Dkt. No. 15-12.
[6] *Id.* at 11.
[7] *Id.* at 3, ¶¶ iv–xii; *see* Dkt. No. 19.
[8] *Id.* at 4–5, ¶¶ 1–5. Pursuant to the Agreement, the total settlement amount of $605,040.00 "is comprised of the undisputed principal amount of $595,040.00, plus $20,000.00 in attorney's fees, plus interest at 18% per annum." *Id.* at 4, ¶ 3. Defendants were required to pay monthly payments of $25,000.00 from January 15, 2019 to April 15, 2019; a payment of $50,000.00 by May 15, 2019; a payment of $75,000.00 by June 15, 2019; monthly payments of $80,000.00 from July 15, 2019 to September 15, 2019; monthly payments of $40,000.00 from October 15, 2019 to May 15, 2020; and a final payment of $38,960.64 by June 15, 2020. *Id.* at 3–4, ¶ 4.
[9] *Id.* at 4, ¶ 4(a).
[10] *Id.* at 6, ¶ 11.

be entered against them in a United States District Court for the Southern District of Texas on an *ex parte* basis, for the settlement amount of $605,040.00 plus pre-judgment and post-judgment interest at 18% annum, filing fees, attorneys' fees, and any additional fees and costs incurred in obtaining and enforcing said judgment.[11]

The Agreement also provides that should Defendants default on its terms, the Agreement is secured by Defendants' assets, which are more specifically described in the Agreement and include "the Texas Warehouse and Mexico Farmland."[12] Plaintiff alleged that in addition to the Agreement, Defendants executed a Deed of Trust on two properties: one in McAllen, Texas, presumably the "Texas Warehouse;" and one in Saltillo, Mexico, presumably the "Mexico Farmland."[13] However, Plaintiff only attached a Deed of Trust evidencing a conveyance of the McAllen property.[14] The Deed of Trust for the McAllen property was recorded in the Official Records of Hidalgo County.[15] Therein, Defendants named Plaintiff as the beneficiary and conveyed the McAllen property to Atlas, Hall & Rodriguez LLP, the law firm representing Plaintiff, as trustee.[16] The Deed of Trust provides that should Defendants default on the Agreement, the trustee may foreclose on the property and sell the property at auction, with the proceeds going to Plaintiff as the beneficiary.[17] Like the Agreement, the Deed of Trust is signed by all Defendants.[18]

---

[11] *See id.* at 6, ¶ 8.
[12] *Id.* ¶ 10.
[13] *Id.* at 6–7, ¶ 10; *see* Dkt. No. 15-13 (Deed of Trust).
[14] *See* Dkt. No. 1 at 12, ¶ 64; *see also* Dkt. No. 15-13 at 3. There is no Deed of Trust on the record addressing the property in Mexico.
[15] The "Deed of Trust was executed on December 11, 2018 and recorded in the Official Records of Hidalgo County, Texas on December 27, 2018 as document 2975332." Dkt. No. 1 at 12, ¶ 65; *see also* Dkt. No. 15-13.
[16] Dkt. No. 15-13 at 1.
[17] *Id.* at 5.
[18] *Id.* at 9–11.

Defendants failed to remit the first January 15, 2019 payment.[19] On September 25, 2019, Plaintiff filed its complaint in this Court, bringing claims for multiple PACA violations against all Defendants.[20] Plaintiff also brought PACA claims against Defendants Christopher and Diana Torres, solely in their individual capacities, for breach of fiduciary duty and conversion and unlawful retention of PACA trust assets.[21] Plaintiff brought a single breach of contract claim against Defendant BFP for breach of the parties' original contracts for the shipment of produce.[22] On these claims, Plaintiff requested damages in the amount of $610,960.00; pre-judgment and post-judgment interest; and attorneys' fees and costs.[23] In addition to these claims, Plaintiff's complaint included a cause of action against Defendants for "foreclosure."[24] On this claim, Plaintiff sought damages in the form of "[e]stablishment and foreclosure of Plaintiff's lien and for order of sale."[25]

After Defendants did not appear or answer within the time provided by the Federal Rules of Civil Procedure, Plaintiff moved for entry of default.[26] The Court granted Plaintiff's motion for entry of default[27] and the Clerk of the Court entered default against Defendants on November 21, 2019.[28]

On December 9, 2019, Plaintiff filed a motion for default judgment.[29] The Court granted the motion in part on May 6, 2020 but denied default judgment as to Plaintiff's claim for

---

[19] Dkt. No. 1 at 12, ¶ 68.
[20] *Id.* at 5, ¶¶ 21–24.
[21] *Id.* at 10–12, ¶¶ 47–62.
[22] Dkt. No. 1 at 3–5, ¶¶ 10-24.
[23] *Id.* at 13–15.
[24] *Id.* at 14–15.
[25] *Id.*
[26] Dkt. No. 12; FED. R. CIV. P. 12(a)(1)(A)(i) (providing Defendants twenty-one days from the date of service to answer).
[27] Dkt. No. 13.
[28] Dkt. No. 14.
[29] Dkt. No. 15.

"foreclosure" because Plaintiff failed to show this claim was substantively meritorious.[30] In its order addressing the motion for default judgment, the Court interpreted Plaintiff's "foreclosure" claim as a breach of contract claim for Defendants' default of the Agreement, which is secured by the Deed of Trust.[31] However, the Court found that Plaintiff had not satisfied the elements of a breach of contract claim because it had not shown that it performed its side of the Agreement by dismissing the USDA complaint against Defendants within ten days of the Agreement.[32] The Court also noted that "Plaintiff [requested] that this Court issue an Order of Sale for both properties discussed in the Agreement, and alleges that the Agreement 'is secured by a Deed of Trust on certain real property located at 2501 West Military Highway, Suite A18, McAllen, Texas 78503 and fraccion 'B' del lote de terreno ubicado en la ex Hacienda de Encarnacion de Guzman, municipality of Saltillo, Mexico.'"[33] However, the Deed of Trust attached by Plaintiff applies only to the McAllen property and does not mention a property in Mexico.[34]

In light of this, the Court found that Plaintiff's "foreclosure" claim was not substantively meritorious to entitle Plaintiff to default judgment on this claim.[35] The Court denied default judgment without prejudice as to the "foreclosure" claim.[36] The Court ordered Plaintiff to file a motion with the Court by May 22, 2020 indicating whether it intends to pursue the "foreclosure" claim.[37] The Court also instructed Plaintiff to "(1) specify what cause of action it brings; and (2) attach a Deed of Trust applicable to the Mexico property or provide an explanation for the absence of this document in the record."[38]

---

[30] *See* Dkt. No. 19.
[31] *Id.* at 19.
[32] *Id.*
[33] *Id.* (citing Dkt. No. 1 at 12, ¶ 64).
[34] *See* Dkt. No. 1 at 12, ¶ 64; *see also* Dkt. No. 15-13 at 3.
[35] Dkt. No. 19 at 20.
[36] *Id.*
[37] *Id.*
[38] *Id.*

Plaintiff filed the instant motion for reconsideration on May 22, 2020, requesting that the Court reconsider its decision denying default judgment as to the "foreclosure" claim.[39] The Court now turns to its analysis.

## II. ANALYSIS

In the motion for reconsideration, Plaintiff requests "that the Court reconsider its denial of default judgment as to the previously misnamed "foreclosure" claim and permit Plaintiff to proceed under a theory of Breach of Contract based upon the Defendants' breach of the prior settlement agreement."[40] Plaintiff explains that on December 14, 2018, three days after it reached the Agreement with Defendants, Plaintiff "performed its obligations under the Settlement Agreement by sending a letter to the USDA dismissing its complaint with the agency and informing the USDA of the Settlement Agreement entered into with Defendants."[41] For the breach of contract claim, Plaintiff seeks as damages "foreclosure and/or judicial sale as contemplated by the settlement agreement upon the property at 2501 West Military Highway, Suite A18, McAllen, Texas 78503."[42] Plaintiff states that "[a]lthough Deeds of Trust to both the McAllen and Mexican properties were executed, Plaintiff only seeks foreclosure of the McAllen property due to Defendants' breach of the Settlement Agreement."[43] "In order to permit foreclosure of the 2501 West Military Highway property, Plaintiff asks this court to issue an Order of Sale for [the] property."[44]

---

[39] Dkt. No. 20.
[40] *Id.* at 1.
[41] *Id.* at 2–3.
[42] *Id.* at 1.
[43] *Id.* at 3.
[44] *Id.* at 5.

### a. Legal Standard

The Federal Rules of Civil Procedure do not explicitly recognize any motion for reconsideration. Nevertheless, courts within the Fifth Circuit "address such motions under Federal Rule of Civil Procedure ("Rule") 54(b) for interlocutory orders, and under Rules 59 and 60 for final judgments."[45] The Fifth Circuit has explained that only the resolution of an entire adversarial proceeding is "final."[46] Because the Court has not issued a final judgment in this case, Rule 54(b) applies to Plaintiff's motion for reconsideration.

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[47]

### b. Legal Analysis

In light of the clarifying information provided by Plaintiff's motion for reconsideration, the Court finds that reconsideration of its May 6, 2020 decision may be warranted pursuant to Rule 54(b). Thus, the Court will consider the additional information provided in Plaintiff's motion for reconsideration in order to determine whether Plaintiff is entitled to default judgment on its breach of contract claim against Defendants, with damages in the form of foreclosure and an Order of Sale on the McAllen, Texas property.

#### i. Legal Standard Applicable to Default Judgment

---

[45] *See e.g., Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712 (S.D. Tex. 2016); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991); *U.S. Bank Nat'l Assoc. v. Verizon Communications, Inc.*, Civ. A. No. 3:10–CV–1842–G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012)); *see also Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[46] *Moody v. Seaside Lanes*, 825 F.2d 81, 85 & n.3 (5th Cir. 1987).
[47] FED. R. CIV. P. 54(b);

Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment.[48] Here, Defendants have defaulted by failing to answer or otherwise appear in this case. Thus, entry of default has been made against them by the Clerk of Court.[49] The only remaining question is whether the third step—actual entry of default judgment—is appropriate.

Rule 55(b) authorizes entry of default judgment with court approval. It is a drastic remedy, resorted to only in extreme situations.[50] Nevertheless, default judgment determinations are left to the sound discretion of the district court.[51] Determining the propriety of default judgment is itself a three-step process. *First*, the Court must determine if default judgment is procedurally proper.[52]

*Second*, if default judgment is procedurally proper, the Court must determine whether the plaintiff's claims are substantively meritorious.[53] When analyzing the merits of a claim, courts may assume the truth of all well-pled allegations in the plaintiff's complaint.[54] *Third*, if the plaintiff's claims are meritorious, the Court must determine whether the requested relief is appropriate.[55] In particular, Rule 54(c) dictates a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[56]

If the Court determines default judgment is appropriate, it must determine how to calculate damages. The general rule is "unliquidated damages normally are not awarded without

---

[48] *Bieler v. HP Debt Exch., LLC*, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)).
[49] Dkt. No. 14.
[50] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[51] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
[52] *Bieler*, 2013 WL 3283722, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).
[53] *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[54] *Id.*
[55] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).
[56] FED. R. CIV. P. 54(c).

an evidentiary hearing."[57] However, there is an exception when the amount claimed is "one capable of mathematical calculation."[58] When this exception applies, there is no need for an evidentiary hearing, and the court can enter default judgment on the briefing. The Court now turns to its analysis.

### ii. *Legal Analysis of Plaintiff's Entitlement to Default Judgment on the Breach of Contract Claim*

As the Court has already noted in its May 6, 2020 order, default judgment is procedurally proper[59] and the only questions that remain are (1) whether Plaintiff's breach of contract claim against Defendants is substantively meritorious; and (2) whether the requested relief, an Order of Sale, is appropriate. The Court first considers substantive merit.

The elements of a breach of contract claim in Texas include: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach."[60] Plaintiff bears the burden of demonstrating it suffered a loss resulting from the breach.[61]

Considering the well-pled allegations contained in Plaintiff's complaint and the information provided in Plaintiff's motion for reconsideration, the Court finds that Plaintiff's breach of contract claim is substantively meritorious. The Agreement constitutes a valid contract, as it is signed by all parties and memorializes Plaintiff's promise to dismiss the formal USDA complaint against Defendants within ten days of the Agreement in exchange for Defendants' promise to pay their debt to Plaintiff in gradual installments. Plaintiff performed its side of the Agreement when it dismissed its USDA complaint against Defendants on December 14, 2018,

[57] *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998).
[58] *Id.* (citing *James v. Frame*, 6 F.3d 307, 309–10 (5th Cir. 1993)).
[59] Dkt. No. 19 at 15.
[60] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[61] *Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 616 (Tex. App. 2002).

and Plaintiff attaches proof of its dismissal.[62] Defendants clearly breached their side of the Agreement when they failed to pay Plaintiff any of the amounts owed under the Agreement, and Defendants have not appeared to contest these well-pled allegations.[63] Accordingly, the Court finds that Plaintiff's breach of contract claim against all Defendants is substantively meritorious. The Court now turns to Plaintiff's requested relief.

As relief for Defendants' breach of the Agreement, Plaintiff requests an Order of Sale for the property located at 2501 West Military Highway, Suite A18, McAllen, Texas 78503.[64] Plaintiff does not attach a proposed order to the motion for reconsideration in compliance with Rule 7 of the Local Rules for the Southern District of Texas,[65] and the proposed order filed with Plaintiff's motion for default judgment does not address what specific terms Plaintiff wishes to be included in the Order of Sale.[66] However, Plaintiff specifies that it seeks "damages including foreclosure and/or judicial sale as contemplated by the settlement agreement."[67] Accordingly, the Court looks to the parties' Agreement and the Deed of Trust executed by Defendants on the McAllen, Texas property to determine whether Plaintiff's requested relief is appropriate.

The Agreement provides that should Defendants default on its terms, the Agreement is secured by Defendants' assets, which are more specifically described in the Agreement and include "the Texas Warehouse and Mexico Farmland."[68] Defendants executed a Deed of Trust on the "Texas Warehouse," or the McAllen, Texas property and Plaintiff only seeks to foreclose

---

[62] Dkt. No. 22 (Plaintiff's letter to USDA). While Plaintiff's letter does not explicitly request that USDA dismiss Plaintiff's complaint, the letter informs USDA that the parties entered into a settlement agreement, which divested USDA of jurisdiction over the parties' dispute.
[63] *See* Dkt. No. 1 at 12, ¶ 68 ("Specifically, Defendants have failed to pay all of the amounts due and outstanding under the Settlement Agreement and Stipulation for Entry of Judgment, the first payment which was due on January 15, 2019.").
[64] Dkt. No. 22 at 5, ¶ C.
[65] *See* L.R. 7.1(C).
[66] *See* Dkt. No. 16.
[67] Dkt. No. 20 at 1.
[68] Dkt. No. 15-12 at 7.

on this property.[69] The Deed of Trust provides that the trustee may foreclose on the property and sell the property at auction, with the proceeds going to Plaintiff as the beneficiary.[70] Like the Agreement, the Deed of Trust is signed by all Defendants.[71]

Because the Court has found in this Order that Plaintiff's claim that Defendants defaulted on the agreement has substantive merit, the Court finds that Plaintiff's request for an Order of Sale authorizing it to foreclose on the property located at 2501 West Military Highway, Suite A18, McAllen, Texas 78503 is appropriate.

### III.  HOLDING

In light of the foregoing, the Court hereby  **GRANTS** Plaintiff's motion for reconsideration[72] and finds that Plaintiff is entitled to default judgment on its breach of contract claim against all Defendants. The Court hereby **ORDERS** Plaintiff' to file a proposed Order of Sale on this Court's docket by **September 4, 2020**. Pursuant to Rule 55, a final judgment will issue separately reflecting the Court's May 6, 2020 Order[73] and authorizing Plaintiff to foreclose on the McAllen, Texas property pursuant to the Deed of Trust.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of August, 2020.

_____
Micaela Alvarez
United States District Judge

---

[69] Dkt. No. 20 at 3.
[70] *Id.* at 5.
[71] *Id.* at 9–11.
[72] Dkt. No. 20.
[73] Dkt. No. 19.